IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

ALECIA CAMPBELL,

    Plaintiff,

vs.                                     CASE NO.: 16-2020-CA-000992-MA

BIO-MEDICAL APPLICATIONS OF    DIVISION: CV-C
FLORIDA, INC. D/B/A
FRESENIUS KIDNEY CARE
AMERICAN DIALYSIS, LLC,

    Defendant.
_____/

## *AMENDED* COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is a suit for damages and injunctive relief under the Florida Civil Rights Act of 1992, Fla. Stat. 760 et seq., for unlawful discrimination in employment based on race and age. This is an action for damages that exceed $15,000.00 exclusive of prejudgment interest, attorneys' fees and costs.

2. Plaintiff has complied with all administrative prerequisites prior to filing this suit. Plaintiff filed a timely charge of discrimination with the Florida Commission on Human Relations and it has been pending for more than 180 days without the Commission making a determination. This suit is timely filed.

3. Plaintiff is a citizen of the United States, resides in Jacksonville, Florida, and was employed by Defendant at all times material to this Complaint.

4. Defendant, BIO-MEDICAL APPLICATIONS OF FLORIDA, INC. is a foreign corporation licensed to do business in the State of Florida, and doing business at

1944 Atlantic Blvd, Jacksonville, Florida 32207, Duval County, Florida, at which it employed Plaintiff.

## STATEMENT OF FACTS

5. Plaintiff worked for Defendant for over 11 years until February 15, 2019, as an Administrative Assistant, and was supervised by persons including Charge Nurse, Crystal Wilson, and Clinical Manager, Beverly O'Hara.

6. Plaintiff had been subjected to a hostile work environment based on her race (African-American). She has been treated differently than similarly situated peers who are not the same race and who are significantly younger.

7. This included without limitation being told that she's been in her position too long and should "allow a fresh white face to replace [her], giving the clinic a fresh start."

8. Plaintiff was also told by Ms. O'Hara that her grandparents were in the KKK, that she was raised and taught that white people are better than black people, and that it is hard not to apply that now that she is a manager.

9. Plaintiff had also walked into the breakroom when people were telling black jokes. Plaintiff was told by Crystal Wilson, in an apparent attempt to get her to leave, that she had been at the clinic too long and that "it's time for a change," "like Obama said," and "it's time to make the clinic great again," a sarcastic reference to the racially controversial POTUS.

10. There was another incident involving a racial comment from Beverly O'Hara Ms. O'Hara had laminated a fishing license only to have the license come out of

the laminating machine completely black. She then said that "I guess black lives don't matter!" and laughed. Some employees also made racial comments about patients. This includes saying that its mostly black people who get dialysis because they eat fried chicken, whish references a common racial stereotype.

11. The hostile work environment also included a number of false and pretextual write-ups, as well as a performance improvement plan based on false allegations, which were motivated by unlawful bias.

12. Plaintiff had complained to HR, to no avail. Then on Monday February 11, 2019, Plaintiff's attorney mailed a draft of an administrative charge of discrimination to the employer. Four days later, on Friday, February 15, Plaintiff was terminated by Ms. O'Hara, who was mentioned in the draft charge.

14. Despite the fact that Plaintiff had been complying with the terms of the PIP, Ms. O'Hara told her that she was terminated due to her "professionalism." The reason articulated for the termination is a pretext for unlawful retaliation and discrimination based on race (African-American) and age. She was 54 years of age, the oldest employee in the office, and treated differently than significantly younger employees.

14. Defendant subsequently gave post hoc reasons for the termination in response to Plaintiff's administrative charge, but these reasons are also pretextual.

## COUNT I

### UNLAWFUL HARASSMENT AND DISCRIMINATION BASED ON RACE, AND RETALIATION, IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

15. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

16. Plaintiff was repeatedly harassed based on her race (African-American). Said harassment was sufficiently pervasive or severe such that it affected the terms and conditions of Plaintiff's employment. Moreover, the harassment affected tangible aspects of Plaintiff's employment since it culminated in her termination.

17. Although Plaintiff repeatedly complained about said harassment, the employer did not take any remedial action and instead fired her based on her complaint(s), and based on receiving the draft charge of discrimination.

18. The termination of Plaintiff's employment was motivated by race, and by unlawful retaliation. Defendant acted maliciously and with a willful disregard for Plaintiff's rights under state law.

19. As a result of the unlawful discrimination, harassment and retaliation described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs. The harassment and discrimination described above was done willfully and with a reckless disregard for Plaintiff's rights under state law.

20. As a direct and proximate result of the discrimination and retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable, and demands relief in the form of economic damages, back pay and front pay, compensatory

and emotional distress damages, prejudgment interest, punitive damages, equitable relief and reinstatement, and any other relief available in law or equity.

## COUNT II

### UNLAWFUL DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

21. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

22. The termination of Plaintiff's employment was motivated by age, and would not have occurred otherwise. Defendant acted maliciously and with a willful disregard for Plaintiff's rights under state law.

23. As a result of the unlawful discrimination described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs. The harassment and discrimination described above was done willfully and with a reckless disregard for Plaintiff's rights under state law.

24. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable, and demands relief in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, prejudgment interest, punitive damages, equitable relief and reinstatement, and any other relief available in law or equity.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161 – Telephone
(904) 725-3410 - Facsimile

/s/ P. Daniel Williams
P. Daniel Williams, Esq.
Florida Bar No. 0036625
dan@magidwilliams.com
Leonard S. Magid, Esq.
Florida Bar No. 0717101
len@magidwilliams.com
Attorneys for Plaintiff